UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:10-cr-00042 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| KENTRELL WILLIAMS ) | |

**O R D E R**

Before the court is the defendant's *pro se* "Motion to compel Federal Prison to comply with judgment." (Docket No. 44). No response has been filed by the government.

On April 25, 2011, defendant Kentrell Williams entered a plea of guilty before this court to Count I of the Indictment, convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924. (Docket No. 38). In accordance with the plea agreement, the court sentenced the defendant to sixty (60) months' imprisonment for his offense with three (3) years of supervised release. (Docket No. 39).

The court recommended to the Bureau of Prisons that the defendant's sentence commence on the day of sentencing, and that the defendant receive credit for time served from July 20, 2009; that the defendant be housed in a federal facility near Nashville, Tennessee; that the defendant receive drug treatment while in custody; and that the defendant receive vocational training while in custody. (Docket No. 39 at p. 2).

Mr. Kentrell has now filed a motion (Docket No. 44) asking that the court to compel the Bureau of Prisons to comply with the recommendations by the court. Specifically, the motion asks the court to "give[] the petitioner the 21 months that the judgement [sic] orders." (*Id.* at p. 2).

Complete exhaustion of administrative remedies is a prerequisite to seeking review of the Bureau of Prisons's calculation of sentencing credit. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). A district court may review the Bureau of Prisons's calculation but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993).

Here, the defendant has provided no proof nor even alleged that he has exhausted his administrative remedies before filing the instant motion.[1] Consequently, at this time the court lacks subject matter jurisdiction to entertain the motion. *United States v. Singh*, 52 Fed. Appx. 711, No. 02-3140, 2002 WL 31770391, at \*\*1-2 (6th Cir. Dec. 6, 2000)(affirming the district court's denial of federal prisoner's motion for credit for time served while in state custody on grounds that the district court lacked jurisdiction to calculate sentencing credit, to reduce prisoner's sentence under 18 U.S.C. § 2582(c), or to order the federal sentence to run concurrently; prisoner failed to allege that he had exhausted administrative remedies before bringing the action).

For these reasons, the defendant's motion is hereby **DENIED**. However, the defendant may renew his motion once he has exhausted his administrative remedies.

It is so **ORDERED**.

                                               Aleta A. Trauger
                                               United States District Judge

---

[1] It is not clear from the motion what the Bureau of Prisons has determined with regard to Mr. Williams's sentence.